UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| YVETTE G. PINN,<br><br>                Plaintiff,<br><br>   v.<br><br>CAROLYN W COLVIN, Acting Commissioner of the Social Security Administration,<br><br>                Defendant. | CASE NO. 14-cv-05724 JRC<br><br>ORDER GRANTING MOTION FOR ATTORNEY'S FEES PURSUANT TO 42 U.S.C. § 406(b) |

      This Court has jurisdiction pursuant to 28 U.S.C. § 636(c), Fed. R. Civ. P. 73 and Local Magistrate Judge Rule MJR 13 (*see also* Notice of Initial Assignment to a U.S. Magistrate Judge and Consent Form, ECF No. 5; Consent to Proceed Before a United States Magistrate Judge, ECF No. 6). This matter is before the Court on plaintiff's Motion for Attorney's Fees Pursuant to 42 U.S.C. § 406(b) (*see* Dkt. 26). Defendant has no objection to plaintiff's request (*see* Dkt. 29).

      The Court may allow a reasonable fee for an attorney who represented a Social Security Title II claimant before the Court and obtained a favorable judgment, as long as such fee is not in excess of 25 percent of the total of past-due benefits. *See* 42 U.S.C. § 406(b)(1); *Grisbrecht v. Barnhart*, 535 U.S. 789 (2002). When a contingency agreement applies, the Court will look first to such agreement and will conduct an independent review to assure the reasonableness of the

1 fee requested, taking into consideration the character of the representation and results achieved.

2 *See Grisbrecht, supra*, 535 U.S. at 807, 808 (footnote omitted) (citations omitted). Although the

3 fee agreement is the primary means for determining the fee, the Court will adjust the fee

4 downward if substandard representation was provided, if the attorney caused excessive delay, or

5 if a windfall would result from the requested fee. *See Crawford v. Astrue*, 586 F.3d 1142, 1151

6 (9th Cir. 2009) (*citing Grisbrecht, supra*, 535 U.S. at 808).

7     Here, the representation was standard, at least, and the results achieved excellent (*see*

8 Dkt. 27, Attachment 1). *See Grisbrecht, supra*, 535 U.S. at 808. Defendant stipulated to remand

9 the matter subsequent to plaintiff's filing of her Opening Brief, and following a second

10 administrative hearing, the Administrative Law Judge issued a favorable Decision finding

11 plaintiff disabled from November 11, 2010 through June 1, 2014 (*see* Dkt. 27, p. 1). There has

12 not been excessive delay and no windfall will result from the requested fee.

13     Plaintiff's total back payment was $55,809.00 (*see id.*, Attachment 1). Plaintiff has

14 moved for an attorney's fee of $7,952.25 (*see* Motion, Dkt. 26, p. 1), and on receipt of this fee

15 will refund to plaintiff the EAJA fee award of $3,497.10 (*see id.; see also* Dkt. 24). *See Parish v.*

16 *Comm'r. Soc. Sec. Admin.*, 698 F.3d 1215, 1221 (9th Cir. 2012).

17     Based on plaintiff's motion and supporting documents (*see* Dkt. 26, 27 with attachments

18 1-3, 28), and with no objection from defendant (Dkt. 29), it is hereby ORDERED that attorney's

19 fees in the amount of $7,952.25 be awarded to plaintiff's attorney pursuant to 42 U.S.C. §

20 406(b).

21     Dated this 11th day of August, 2016.

22

23                                              J. Richard Creatura
                                             United States Magistrate Judge

24